UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BLAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 22-cv-00970-AJB-DEB<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Doc. No. 34)** |

Presently pending before the Court is Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") motion to dismiss Plaintiff Sarah Blain's claim for violation of the California Unfair Competition Law ("UCL") in Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 34.) Plaintiff filed an opposition to the motion to dismiss (Doc. No. 36), to which Liberty Mutual replied, (Doc. No. 37). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. Accordingly, the Court hereby **VACATES** the hearing currently set for **July 13, 2023, at 2:00 p.m.** For the reasons stated herein, the Court **GRANTS** the motion to dismiss Plaintiff's UCL claim.

///

## I. BACKGROUND[1]

The Court previously outlined Plaintiff's allegations in its Order Granting in Part Liberty Mutual's Motion to Dismiss Plaintiff's original Complaint. (Doc. No. 27 at 2.) In short, Plaintiff's claim begins with the California "stay-at-home" orders that were implemented in March 2020 as a response to the COVID-19 pandemic. (*Id.* at 5.) These measures resulted in reduced driving across the state and respectively lowered the number of claims likely to be paid by automobile insurance providers, such as Liberty Mutual. (*Id.*) In April 2020, Liberty Mutual announced its intention to issue a 15% refund to all auto insurance policyholders for two months' worth of premiums. (*Id.* at 4.) Then, from June 2020 through May 2021, Liberty Mutual continued to issue a 5% refund to its policyholders. (*Id.* at 9.) The gravamen of Plaintiff's complaint is that the initial refunds of 15% and the subsequent refunds of 5% were inadequate and resulted in Liberty Mutual enjoying an unfair windfall at the expense of its policyholders. (*Id.*)

Plaintiff's FAC asserts two claims against Liberty Mutual: (1) breach of contract under the implied covenant of good faith and fair dealing; and (2) violation of the UCL under its unfairness prong. (FAC, Doc. No. 31.) Liberty Mutual filed the instant motion to dismiss Plaintiff's UCL claim under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff failed to establish a lack of adequate legal remedies. (Doc. No. 34 at 2.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).

---

[1] The facts incorporated herein are taken from Plaintiff's FAC and are construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## III.   DISCUSSION

Liberty Mutual moves to dismiss Plaintiff's UCL claim for Plaintiff's failure to allege a lack of adequate legal remedies which, under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), is a prerequisite to the pursuit of an equitable claim. (Doc. No. 36 at 2.)

Plaintiff asserts Liberty Mutual violated the unfair prong of the UCL because it failed to refund premiums at an adequate rate of 30%, knowingly retained excessive profits, did not conduct accurate risk assessments, and failed to disclose that it was earning excessive profits, or the amount of those profits. (FAC ¶ 68.) In the FAC, Plaintiff

> requests that this Court grant the relief requested under the UCL in the event that Plaintiff's claims seeking legal remedies are revealed to be inadequate to provide a complete and adequate remedy for the harms described herein. Otherwise, Plaintiff and the members of the putative class may be irreparably harmed and/or denied an effective and complete remedy.

(*Id.* ¶ 76.) Liberty Mutual requests the Court to dismiss Plaintiff's UCL claim because "Plaintiff has not alleged any facts, except for her conditional and speculative statements

that she pleads her UCL claim in the alternative" and does not demonstrate a lack of adequate legal remedy. (Doc. No. 34 at 10.) Plaintiff responds that even after *Sonner*, UCL claims may be plead as an alternative remedy. (Doc. No. 36 at 9.)

In *Sonner*, the Ninth Circuit held "that the traditional principles governing equitable remedies in federal courts, *including the requisite inadequacy of legal remedies*, apply when a party requests restitution under the UCL . . . ." 971 F.3d at 844 (emphasis added). There, the plaintiff dropped her claims for damages shortly before trial. Because the plaintiff failed to allege an adequate legal remedy in her complaint and conceded her claim for restitution was equal to the amount sought as damages, the court determined that the plaintiff failed to state a claim for relief. Specifically, the court said "Sonner fails to explain how the same amount of money for the exact same harm is inadequate . . . ." *Id.* at 844.

Plaintiff invites the Court to consider the recent post-*Sonner* holding of *Carroll v. Progressive Cas. Ins. Co.*, 2:21-cv-09217-FMO-RAO, Dkt. No. 94 (C.D. Cal. Mar. 6, 2023), where the motion to dismiss an alternatively plead UCL claim was denied. (Doc. No. 36 at 10.) In *Carroll*, the Central District of California ultimately held, among other things, that UCL claims are properly preserved at the pleading stage as alternatives to other remedies available to the plaintiff. 2:21-cv-09217-FMO-RAO, Dkt. No. 94 at 8 (C.D. Cal. Mar. 6, 2023). However, the *Carroll* court also stated that a plaintiff seeking restitution under the UCL "must establish that she lacks an adequate remedy at law." *Id.* at 7 (quoting *Sonner*, 971 F.3d at 844). In *Carroll*, the court did not address the sufficiency of plaintiff's pleadings, but only the availability of UCL violations as an alternative claim. *Id.* at 7–8. For this reason, the Court finds *Carroll* to be uninstructive and distinguishable from the present matter.

Courts in the Southern District of California have routinely found that while a plaintiff may alternatively plead a UCL claim that is predicated on the same underlying facts as a separate claim for damages, the plaintiff must allege that equitable relief is necessary to avoid irreparable harm to the plaintiffs and also that there is no adequate remedy at law. *See Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1088 (S.D. Cal.

2021) (concluding that the prevailing view in this District is to allow claims for equitable relief at the pleading stage but dismissing the plaintiffs' UCL claim for failure to allege irreparable harm); *Shay v. Apple Inc.*, No. 20-cv-1629-GPC(BLM), 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021) (concluding "*Sonner* is binding on this Court" and requires a UCL plaintiff to plausibly allege "an inadequate remedy at law" before pursuing equitable relief in the form of restitution or an injunction); *Rivera v. Jeld-Wen, Inc.*, No. 21-cv-01816-AJB-AHG, 2022 WL 3702934, at *13 (S.D. Cal. Feb. 4, 2022) (same); *Fierro v. Capital One, N.A.*, No. 22-cv-00493-BAS-BLM, 2023 WL 1999482, at *6–7 (S.D. Cal. Feb. 15, 2023) (same).

In the present case, Plaintiff does not point to any facts in support of an allegation that there is no adequate remedy at law. Relying only on conclusory and conditional statements, Plaintiff's claim does not pass the pleading standards established by *Iqbal* and *Twombly*, and so the Court will dismiss Plaintiff's UCL claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

The Court, in its previous Order granting in part and denying in part Liberty Mutual's motion to dismiss Plaintiff's original Complaint, (*see* Doc. No. 27), expressly addressed the need to sufficiently plead a lack of adequate remedy at law. Because Plaintiff has twice failed to plausibly allege that there is no adequate remedy at law, the Court **GRANTS** Liberty Mutual's motion to dismiss **WITHOUT LEAVE TO AMEND.**

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Liberty Mutual's motion to dismiss Plaintiff's UCL claim.

**IT IS SO ORDERED.**

Dated:  May 22, 2023

Hon. Anthony J. Battaglia
United States District Judge