UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BLAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 22-cv-00970-AJB-MMP<br><br>**ORDER REGARDING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**(Doc. Nos. 81; 91; 100; 112; 116; 124)** |

Before the Court are six motions to file documents under seal related to briefing of Plaintiff Sarah Blain's ("Plaintiff") motion for class certification (Doc. No. 84) and Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") motion to exclude testimony of Allan I. Schwartz (Doc. No. 102). (*See* Doc. Nos. 81; 91; 100; 112; 116; 124.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matters suitable for determination on the papers without oral argument. Accordingly, the Court **VACATES** the hearings related to these motions. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART without prejudice** Document Numbers 81 and 91, and **DENIES without prejudice** Document Numbers 100, 112, 116, and 124.

## I. BACKGROUND

Plaintiff brings this putative class action, alleging Liberty Mutual unfairly profited from the customers it insured during the global COVID-19 pandemic. (*See generally* Doc. No. 31.) After Liberty Mutual filed an answer (Doc. No. 39), the parties engaged in discovery regarding class certification. Early in the discovery window, Magistrate Judge Michelle M. Pettit entered a stipulated protective order at the request of the parties, which provided, *inter alia*, that any request to file a document under seal "must be narrowly tailored to seek sealing only of the confidential or privileged material." (Doc. No. 77 ¶ 14.) The instant motions to file documents under seal correspond to the comprehensive briefing of Plaintiff's motion for class certification and Liberty Mutual's responsive motion to exclude.

## II. LEGAL STANDARD[1]

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotation marks omitted). In balancing the competing interests

---

[1] As the instant motions relate to sealing filings in support of and in opposition to a motion for class certification, the compelling reasons standard—rather than the good cause exception—applies. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). As such, the Court will only address the applicable compelling reasons standard.

of the public and the party who seeks to keep secret judicial records, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Compelling reasons also may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) ("Where parties have been able to point to concrete factual information or expert testimony that the material sought to be sealed contained confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data, courts have been willing to find that information confidential.") (collecting cases).

## III. DISCUSSION

The Court has reviewed each of the parties' motions to seal, the lodged materials, and corresponding publicly filed documents. The Court will address the motions chronologically as filed.

### A. Plaintiff's Initial Motion to Seal (Doc. No. 81)

Plaintiff filed this motion seeking to seal the entirety of Exhibits 1 and 11 and portions of Exhibits 2 and 8 attached to the Declaration of Teresa M. Becvar filed in support of Plaintiff's motion for class certification. (Doc. Nos. 81 (motion to seal); 82 (lodgment proposed for sealing); 84 (motion for class certification).) Liberty Mutual joined in Plaintiff's motion stating the exhibits at issue "contain internal and confidential financial

material related to Liberty Mutual's operations in California," that Liberty Mutual designated as confidential pursuant to the Protective Order. (Doc. No. 85 at 2.)

| Parties' Rationale | Court's Ruling |
|---|---|
| **Exhibit 1**: *Liberty Mutual Policy Comments for Sarah Blain* (Doc. Nos. 84-1 at 8 (public Ex. 1); 82-1 at 8–11 (lodged Ex. 1)) | |
| "Plaintiff's insurance file with Liberty Mutual contains specific nonpublic information associated with Defendant's underwriting of Plaintiff's insurance, including communications with Plaintiff regarding changes made to Plaintiff's premium." (Doc. No. 81 at 2.) "Plaintiff remains a customer of Liberty Mutual, and if this information is allowed to be filed on the public docket, Defendant's competitors could use this information in soliciting Plaintiff's business to Defendant's detriment." (*Id.* at 3.) | The parties have provided sufficient explanation for how making public the underwriting information in Plaintiff's insurance file may harm Liberty Mutual's competitive standing. *See Nixon*, 435 U.S. at 598. **GRANTED**. |
| **Exhibit 2**: *Redactions of 30(b)(6) Deposition Transcript* (Doc. Nos. 84-1 at 9 (public Ex. 2); 82-1 at 12–34 (lodged Ex. 2)) | |
| Plaintiff states that Liberty Mutual designated portions of Mr. Grove's testimony Confidential pursuant to the Protective Order "because the information disclosed has been held as confidential in Liberty Mutual's business, is not generally known by the public, including its competitors, and reasonably constitutes sensitive technical or proprietary business information that, if disclosed, may result in an unfair competitive, financial, or commercial advantage to others or disadvantage to Liberty Mutual." (Doc. No. 81 at 3.) | The parties fail to provide anything more than "broad, conclusory allegations of potential harm," rather than "specific demonstrations of fact, supported where possible by affidavits and concrete examples" as required to overcome the presumption of public access. *See Foltz*, 331 F.3d at 1130–31. Additionally, the existence of a stipulated protective order itself is not sufficient. *See In re Ferrero Litig.*, No. 11-CV-00205-H-CAB, 2011 WL 3360443, at *2 (S.D. Cal. Aug. 3, 2011). Finally, some redactions include information left public in other places of the transcript. (*See, e.g.*, Doc. No. 84-1 at 24:7–11, 28:17–20.) **DENIED**. |
| **Exhibit 8**: *Redaction of Allan Schwartz's Expert Declaration* (Doc. Nos. 84-1 at 90 n.34 (public Ex. 8); 82-1 at 93 n.34 (lodged Ex. 8)) | |
| In Paragraph 29, footnote 34, Mr. Schwartz's report quotes "a business record produced by Defendant that contains internal analysis of the effects of the COVID-19 pandemic on Liberty Mutual's claim frequency, claim severity, pure premium, and loss ratios in California." (Doc. No. 81 at 4.) "This information is generally not known outside of Liberty Mutual's business and reasonably constitutes sensitive technical or proprietary business information that, if | Although narrowly tailored, the parties fail to provide an explanation connecting the described redaction with the legal standard, in order to sufficiently demonstrate how the underlying document cited warrants sealing. **DENIED**. |

| | |
|---|---|
| disclosed, may result in an unfair competitive, financial, or commercial advantage to others or disadvantage to Liberty Mutual." (*Id.*) | |
| **Exhibit 11 and Corresponding Line in Brief**: *Internal Emails* (Doc. Nos. 84-1 at 176 (public Ex. 11); 82-1 at 179–81 (lodged Ex. 11); 84 at 12 (public); 82 at 12 (lodged)) | |
| This August 14, 2020 email is regarding "internal assessments of the sufficiency of Liberty Mutual's pandemic relief program specifically in relation to similar relief provided by other insurance carriers." (Doc. No. 81 at 4.) "The information in this business record has been held as confidential in Liberty Mutual's business, is not generally known by the public, including its competitors, and reasonably constitutes sensitive technical or proprietary business information that, if disclosed, may result in an unfair competitive, financial, or commercial advantage to others or disadvantage to Liberty Mutual." (*Id.*) | As with Exhibits 2 and 8, the parties fail to provide an explanation connecting the described redaction with the legal standard. **DENIED**. |

Accordingly, for the reasons set forth above, the Court **GRANTS in part and DENIES in part** Plaintiff's motion to seal (Doc. No. 81).

B.     **Remaining Motions to Seal (Doc. Nos. 91, 100, 112, 116, 124)**

Liberty Mutual filed a motion seeking to seal documents submitted in support of its opposition to Plaintiff's motion for class certification and a single sentence in its brief. (Doc. Nos. 91 (motion to seal); 92 (lodgment proposed for sealing); 93 (lodgment proposed for sealing); 94 (opposition to motion for class certification); 95–98 (declarations in support of opposition).) Shortly thereafter, Liberty Mutual filed a second motion seeking to seal the same information for the same reasons where it appears in Liberty Mutual's motion to exclude.[2] (Doc. Nos. 100 (motion to seal); 101 (lodgment proposed for sealing); 102 (motion to exclude).)

---

[2]     Specifically, Exhibits 1 and 2 of Document Number 100 are Exhibits 12 and 13, respectively, of Document Number 91. The same description, statement of harm, and reference to protective order is provided in both motions. (*Compare* Doc. No. 91 at 12–13 *with* Doc. No. 100 at 3–4.)

Plaintiff then filed motions seeking to seal (1) specific redactions of Schwartz's rebuttal declaration attached to Plaintiff's reply in support of her motion for class certification, (2) corresponding quotes in the brief, and (3) corresponding references in Plaintiff's publicly filed opposition to Liberty Mutual's motion to exclude because all rely on an exhibit subject to Liberty Mutual's prior request.[3] (Doc. Nos. 112 (motion to seal); 113 (lodgment proposed for sealing); 114 (reply in support of motion for class certification); 115 (previously publicly filed opposition Plaintiff seeks to be sealed); 116 (motion to seal previously filed document).)

Finally, Liberty Mutual filed a motion seeking to seal narrowly tailored redactions to Nancy Watkins' Rebuttal Report and Exhibit 1 attached thereto because both cite to and quote an exhibit subject to Liberty Mutual's prior request.[4] (Doc. Nos. 124 (motion to seal); 125 (lodgment proposed for sealing); 126 (reply in support of motion to exclude).)

Due to the overlap in the requests, the parties jointly filed a notice of non-opposition to each other's motions. (Doc. No. 106).

Because the requests and justifications provided in Document Numbers 100, 112, 116, and 124 are subsumed by those of Document Number 91, the Court will only provide a detailed analysis of the latter.

| Rationale | Ruling |
|---|---|
| **Exhibit 1**: *Redactions of Exhibits A–L to Patricia Dee's Declaration* (Doc. Nos. 97 (public); 92 (lodged)) | |
| "Plaintiff Sarah Blain's policy declarations, renewal package, and changes documentation contain specific nonpublic personal identifying information regarding Plaintiff," that have been designated "confidential" pursuant to the Protective Order. (Doc. No. 91 at 6.) | Having reviewed Exhibit 1, the Court finds that only Plaintiff's personal identifying information and that of a third party are redacted. *See, e.g., Bennett v. N. Am. Bancard, LLC*, No. 17-CV-00586-AJB-KSC, 2022 WL 17972168, at *2 (S.D. Cal. Feb. 15, 2022) ("Such personal identifying information of non-parties has been held sealable by the Ninth Circuit under the 'compelling reasons' standard."). **GRANTED**. |

---

[3] Specifically, Exhibit 13 of Document Number 91. No additional explanation is provided to support the request.

[4] *See supra* n.3.

| | |
|---|---|
| **Exhibits 2–10, 12–13**: *Various Presentations, Spreadsheets, and Proposals attached as Exhibits H, N–P to Michael Grove's Declaration, Exhibits I, K, T, V, & W to Janine Graff's Declaration, and Exhibit 4 to Rachel E. K. Lowe's Declaration* (Doc. Nos. 96-8 (public Ex. H); 93-1 (lodged Ex. 2); 96-14 (public Ex. N); 93-2 (lodged Ex. 3); 96-15 (public Ex. O); 93-3 (lodged Ex. 4); 96-16 (public Ex. P); 93-4 (lodged Ex. 5); 98-9 (public Ex. I); 93-5 (lodged Ex. 6); 98-11 (public Ex. K); 93-6 (lodged Ex. 7); 98-20 (public Ex. T); 93-7 (lodged Ex. 8); 98-22 (public Ex. V); 93-8 (lodged Ex. 9); 98-23 (public Ex. W); 93-9 (lodged Ex. 10); 95-4 at 126 (public Attachment E); 93-11 (lodged Ex. 12); 95-4 at 206 (public Ex. 3); 93-12 (lodged Ex. 13)) | |
| Liberty Mutual describes these exhibits as business records it produced that include "internal strategic assessment[s]" of COVID-19-related billing and premium relief, financial impact, inflationary pressures, profitability, policyholder premium endorsements, and related data and analytics. (Doc. No. 91 at 7–12.) Liberty Mutual asserts these records include information that is held confidential, not generally known by the public, and reasonably constitutes sensitive technical or proprietary business information that, if disclosed, harm its competitive standing. (*Id.*) Moreover, Liberty Mutual asserts these exhibits were produced as "Confidential – For Counsel Only" pursuant to the Protective Order. (*Id.*) | As with Exhibits 2, 8, and 11 of Plaintiff's motion (Doc. No. 81), the parties fail to provide an explanation connecting the described redaction with the legal standard. Moreover, applicability of a blanket protective order is not a compelling reason itself. *See In re Ferrero Litig.*, 2011 WL 3360443, at *2. Finally, the Court has doubts that the request to wholesale seal hundreds of pages is narrowly tailored as required by case law, § IV.3 of the undersigned's Civil Procedures, and the Protective Order in this case (Doc. No. 77 ¶ 14). **DENIED**. |
| **Exhibit 11**: *Redactions of 30(b)(6) Deposition Transcript* (Doc. Nos. 95-1 (public Ex. 1); 93-10 (lodged Ex. 11)) | |
| Liberty Mutual identified portions of Mr. Grove's testimony as confidential pursuant to the Protective Order "because the information disclosed has been held as confidential in Liberty Mutual's business, is not generally known by the public, including its competitors, and reasonably constitutes sensitive technical or proprietary business information that, if disclosed, may result in an unfair competitive, financial, or commercial advantage to others or disadvantage to Liberty Mutual." (Doc. No. 91 at 11.) | Liberty Mutual seeks to seal the testimony of Mr. Grove for the same reasons Plaintiff set forth with regard to Exhibit 2 in Document Number 81. **DENIED** for the same reasons set forth above. |
| **Exhibit 14**: *Liberty Mutual's Opposition to Plaintiff's Motion for Class Certification* (Doc. Nos. 94 (public); 93-13 (lodged Ex. 14)) | |
| Liberty Mutual seeks to file under seal a single sentence on page 24 that references information from Exhibit K to Janine Graff's Declaration, which Liberty Mutual describes as "an internal assessment of the impact of the COVID-19 pandemic on Liberty Mutual's finances." (Doc. No. 91 at 13.) "This information has been held as confidential in Liberty Mutual's business, is not | Although this redaction is narrowly tailored, the parties have failed to demonstrate a compelling reason to seal Exhibit K. Thus, this reference to information derived from Exhibit K lacks a compelling reason to seal for the same reasons set forth above. **DENIED**. |

> generally known by the public, including its competitors, and reasonably constitutes sensitive technical or proprietary business information that, if disclosed, may result in an unfair competitive, financial, or commercial advantage to others or disadvantage to Liberty Mutual." (*Id.*)

Accordingly, for the reasons set forth above, the Court **GRANTS in part and DENIES in part** Liberty Mutual's motion to seal (Doc. No. 91).

As Liberty Mutual's requests in Document Number 100 are subsumed by the requests of Document Number 91, the former is **DENIED** for the same reasons as set forth for Exhibits 12 and 13 of Document Number 91.

The requests set forth in Document Numbers 112, 116, and 124 all are based on citation to or quotation of LMBlain0008344, which is Exhibit 13 in Document Number 91, addressed above. Accordingly, Document Numbers 112, 116, and 124 are **DENIED** for the same reasons as set forth for Exhibits 13 of Document Number 91.

## IV. CONCLUSION

For the foregoing reasons:

1. The Court **GRANTS in part and DENIES in part without prejudice** Document Numbers 81 and 91. The Clerk of Court is **DIRECTED to seal** the information currently lodged at Document Number 92.

2. The Court **DENIES without prejudice** Document Numbers 100, 112, 116, and 124.

3. Any renewed motion to file under seal information for which sealing was denied in the instant Order must be filed no later than **December 30, 2024**. Any such motion must be narrowly tailored and include sufficient explanation and case law to demonstrate a compelling reason to seal *each piece of information* the parties seek to seal. If neither party timely files a renewed motion, then each party **must REFILE** a public version of each lodged document, in compliance with the directives below, no later than **January 6, 2025**:

       a.      Publicly file all information currently lodged at Document Number 82 except the limited redactions to Exhibit 1 (Doc. Nos. 84-1 at 8 (public Ex. 1); 82-1 at 8–11 (lodged Ex. 1) granted by the Court *supra*.

       b.      Publicly file all information currently lodged at Document Numbers 93, 101, 113, and 125.

Any future motion to seal must comply with the stipulated Protective Order governing this case and the undersigned's Civil Case Procedures. *See* J. Battaglia Civ. Case Proc. § IV.3.

**IT IS SO ORDERED.**

Dated:  December 18, 2024

Hon. Anthony J. Battaglia
United States District Judge